IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCES ENDENCIA  *Plaintiff*,  v.  AMERICAN PSYCHIATRIC ASSOCATION, *et. al.*,  *Defendants*. | Case No. 21-cv-02360  Judge Mary M. Rowland |

## MEMORANDUM OPINION & ORDER

Plaintiff Frances Endencia originated this suit against more than twenty-four defendants regarding a variety of claims unrelated to each other. Currently before the Court is Plaintiff's motion to vacate an order of dismissal and leave to file instanter fourth amended complaint [82]. The Court construes this as a motion to reconsider its ruling to reconsider its dismissal of her third amended complaint. For the reasons that follow, Endencia' motion to reconsider is denied.

## ANALYSIS

A more detailed account of the facts can be found in this Court's opinion issued on January 11, 2022. *Endencia v. Am. Psychiatric Ass'n*, 21-CV-02360, 2022 WL 103707 (N.D. Ill. Jan. 11, 2022). To recap briefly, Endencia is a prolific litigator that takes issue with the suspension of her veterinary license and the events stemming from an alleged break in of her veterinary practice in 2005. *Id.* at *1. Her complaint took issue with the practice of psychiatry, made claims of fraud against the court against a state court judge and lawyer regarding a child guardianship case, and brought barred claims against defendants and sought criminal charges against a police officer. *Id.* The Defendants who appeared filed motions to dismiss and requested sanctions against Endencia. The Court granted the motions to dismiss, declined to grant sanctions and referred Endencia to the Northern District of Illinois Executive Committee. Endencia has since filed two new amended complaints, the present motion, and miscellaneous exhibits. *See* Dkts. 80 – 83.

A motion to reconsider is appropriate only "where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented

1

to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). Such circumstances are rare and the "party moving for reconsideration bears a heavy burden" to prove such problems exist. *Caine v. Burge*, 897 F. Supp. 2d 714, 717 (N.D. Ill. 2012); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). It is well-established that motions for reconsideration "serve a limited function." *Id.* at 1269.

Endencia argues the Order should be vacated because "this court dismissed the case on grounds that the Complaint was confusing to the court." Dkt. 82 at 1. This Court was not confused. Rather, it was clear to the Court that Endencia did not have a cognizable claim in her Complaint because it failed to state a claim (Counts, I, II, VI, VII), lack of jurisdiction and judicial immunity (Count III, IV and V), lack of a cognizable action (Count V), statute of limitations (VI), and *res judicata*. The Court gave a through and thoughtful reason for dismissing each claim, all supported by extensive precedent. Simply asserting the court is "confused" is without merit. *See Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014) (The party moving for reconsideration must establish a manifest error of law or fact or present newly discovered evidence); *Patrick v. City of Chicago*, 103 F. Supp. 3d 907, 911–12 (N.D. Ill. 2015) (finding same).

Further, it was clear in this Court's first Order that given Endencia's previous litigation history and the Third Amended Complaint, amendment of any sort would be futile. Denial of an amendment is appropriate when an amendment would be futile. *Villars v. Kubiatowski*, 128 F. Supp. 3d 1039, 1043 (N.D. Ill. 2015). Therefore, Endencia's request to amend her complaint and add additional defendants through an "intervenor complaint" is denied. *See* Dkt. 81 ("Intervenor complaint US Dept of Education."). Amendment remains futile and frivolous.

Not only did the Court dismiss the Complaint once, but it also denied Endencia's motion to vacate dismissal. Dkt. 79. ("Plaintiff's motion is nothing more than a rehash of arguments and facts previously considered before this Court. Further, Plaintiff's request to add additional defendants is denied. As stated in this Court's prior orders, amendment would be futile and frivolous.").

## **CONCLUSION**

For the stated reasons, Endencia's motion to reconsider [82] is denied. Case remains closed. Endencia remains referred to the Northern District of Illinois Executive Committee regarding her status as a restricted filer.

E N T E R:

Dated: February 10, 2022

MARY M. ROWLAND
United States District Judge